IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-21,005-02






EX PARTE LESTER LEROY BOWER, JR.









ON APPLICATION FOR WRIT OF HABEAS CORPUS AND MOTION TO
UNSEAL RECORDS FROM CAUSE NOS. 33426, 33427, 33428, AND 33429

IN THE 15TH JUDICIAL DISTRICT COURT

GRAYSON COUNTY




 Per Curiam. 


O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5, and a motion to unseal
records.

 In April 1984, a jury found applicant guilty of four counts of capital murder. The jury
answered the special issues submitted pursuant to Texas Code of Criminal Procedure Article
37.071, and the trial court, accordingly, set applicant's punishment in each case at death. 
This Court affirmed applicant's convictions and sentences on direct appeal. Bower v. State,
769 S.W.2d 887 (Tex. Crim. App. 1989). Applicant filed his initial post-conviction
application for writ of habeas corpus in the convicting court on October 2, 1989, pursuant
to Article 11.07 then in effect. The application challenged all four convictions and sentences. 
This Court filed and set each case and ultimately denied applicant relief. Ex parte Bower,
823 S.W.2d 284 (Tex. Crim. App. 1991). Applicant then sought habeas relief in the federal
district court. The district court conducted an evidentiary hearing in June 2000 and
ultimately denied relief in a series of opinions issued in 2002-2004. The Fifth Circuit
affirmed the district court's decision on September 18, 2007, and the United States Supreme
Court denied applicant's petition for writ of certiorari on April 21, 2008. 

 The instant application attacking all four convictions and sentences was received in
this Court on June 25, 2008, along with a motion to stay his execution. (1) However, before this
Court ruled on the application, we received notice that the trial court had withdrawn the
execution date pending its determination on applicant's motion for forensic testing. In an
attempt to avoid piecemeal litigation in the case, this Court issued an order on July 21, 2008,
stating that the Court would refrain from acting on the current writ application until the
results of the forensic testing litigation were complete. Ex parte Bower, No. WR-21,005-02
(Tex. Crim. App. July 21, 2008)(not designated for publication). The trial court subsequently
granted forensic testing, and the testing proceeded. Apparently, the forensic testing is still
ongoing.

 However, because several years have passed since the trial court originally granted
testing, we believe it prudent to proceed on the application despite the fact that the drawn-out
testing may result in piecemeal litigation. Applicant raises four issues in his application: (1)
actual innocence based upon newly discovered evidence; (2) Brady violations; (3) a claim
that the statute operated unconstitutionally because his jury did not have a vehicle to properly
consider mitigating evidence; and (4) a claim that executing him after twenty-four years on
death row amounts to cruel and unusual punishment. Because the law has evolved with
regard to actual innocence, and because new evidence has been discovered since the time of
applicant's initial writ application, we find that applicant has met the dictates of Article
11.071 § 5 with relation to his first two allegations. Therefore, we remand those allegations
to the trial court to investigate the claims and develop the record. We make no decision
regarding whether the third allegation meets the Section 5 bar, but because the law has
evolved with regard to mitigating evidence, we also order the trial court to review the third
allegation under the prevailing law and make appropriate findings and conclusions. 

 The forensic testing should be completed as quickly as possible, and the trial court
should consider the information developed to the extent appropriate under the claims
remanded. Further, the trial court shall return the completed case to this Court within 180
days from the date of this order. Should the results of the forensic testing lead applicant to
believe that a subsequent application is necessary, then such application should be filed in
the trial court and forwarded to this Court as well. 

 We also have before us the State's motion to unseal various affidavits and other
documents. The State's expressed reason for the Court to unseal the documents is that the
seal "hampers its ability to present this evidence to the trial court" and rebut the allegations
applicant raises in his writ application. But the State's motion is conclusory and overbroad. 
Notably, the State does not argue that the seal on the documents in any way hampers the
forensic testing currently underway, nor does it argue that anything less than a global
unsealing should occur. Without a more specific argument, the December 20, 1991, order
from this Court placing certain affidavits under seal shall remain in effect. We do, however,
grant to the trial court the authority to hear evidence and arguments pertaining to the
propriety of this seal and to modify the seal as appropriate under the specific circumstances
given the competing interests at issue, such as allowing the State to share the sealed
information on a confidential basis with certain law enforcement officers for legitimate
investigative purposes. 

 IT IS SO ORDERED THIS THE 13th DAY OF JUNE, 2012.


Do Not Publish
1. Because applicant had previously filed an application under Article 11.07, and because
this Court had denied relief on that application prior to September 1, 1995, when Article 11.071
became effective, applicant was not entitled to file an initial application under Article 11.071. 
By the terms of the statute, this application is to be considered a subsequent application which
must meet the dictates of Article 11.071 § 5 before the merits may be addressed by any court.